THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NO.1:21- CV-309

NOVANT HEALTH, INC.,      )
      )
      Plaintiff,    )
      )     Removed from Forsyth County
v.      )     General Court of Justice
      )     Superior Court Division
AMERICAN GUARANTEE AND   )     21 CVS 1293
LIABILITY INSURANCE COMPANY,  )
      )
      Defendant.   )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b), Defendant American Guarantee

and Liability Insurance Company hereby removes this action from the General Court of

Justice, Superior Court Division of Forsyth County, North Carolina, to the United States

District Court for the Middle District of North Carolina and states as follows:

### I. JURISDICTION

1.     On March 10, 2021, Plaintiff Novant Health, Inc. filed this lawsuit in the

General Court of Justice, Superior Court Division of Forsyth County, North Carolina. *See*

Compl., attached as Exhibit A.[1]

---

[1]     On April 14, 2021, Plaintiff filed an Amended Complaint in the Superior Court of Forsyth County, which has yet to be served. On April 15, 2021, Plaintiff provided a courtesy copy of the Amended Complaint, though without any of the Exhibits to the pleading. *See Am. Compl*, attached as Exhibit B. The allegations and causes of action contained in the Amended Complaint are substantially similar to the allegations of the March 10, 2021 Complaint. As the March 10, 2021 Complaint is the operative pleading triggering the removal process pursuant to 28 U.S.C. § 1446(b), all allegations cited in this Notice are to that pleading.

2. Plaintiff alleges damages arising out of an insurance coverage dispute in connection with an insurance policy Defendant American Guarantee and Liability Insurance Company issued to Plaintiff with a policy period of February 1, 2020, to February 1, 2021. *Id*. ¶ 3.

3. On March 17, 2021, a copy of the Complaint was received by Courtney H. Ethridge, a process agent at the North Carolina Department of Insurance. *See* Service of Process, attached as Exhibit C.

4. On April 1, 2021, the North Carolina Department of Insurance served a copy of the Complaint on Defendant. *See* Mail Receipt, attached as Exhibit D.

5. This action is removable to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

6. Defendant American Guarantee and Liability Insurance Company is a corporation organized under the laws of New York with its principal place of business in Illinois. American Guarantee and Liability Insurance Company is a wholly owned subsidiary of Zurich American Insurance Company, a New York corporation. Zurich American Insurance Company is a wholly owned subsidiary of Zurich Holding Company of America, Inc., a Delaware corporation. Zurich Holding Company of America, Inc. is wholly owned by Zurich Insurance Company Ltd, a Swiss corporation. Zurich Insurance Company Ltd is directly owned by Zurich Insurance Group Ltd, a Swiss corporation. Zurich Insurance Group Ltd is the only publicly traded parent company, with a listing on the Swiss stock exchange, and a further trading of American Depositary Receipts.

2

7.      This lawsuit is not a "direct action" against an insurer of a policy or contract of liability insurance as prescribed under 28 U.S.C. § 1332(c)(1).  *See Corn v. Precision Contracting, Inc*., 226 F. Supp. 2d 780, 782 (W.D.N.C. 2002) (holding that a "direct action" is a tort lawsuit in which a plaintiff with a claim against an insured person sues the insurer directly).  Thus, Defendant is a citizen of New York and Illinois for purposes of determining diversity of citizenship, both now and at the time of the filing of this lawsuit. 28 U.S.C. § 1332(c)(1).

8.      Plaintiff Novant Health, Inc. is a corporation organized under the laws of North Carolina with its principal place of business in North Carolina.  Compl. ¶ 14.  Thus, Plaintiff is a citizen of the State of North Carolina for purposes of determining diversity of citizenship, both now and at the time of the filing of this lawsuit.  28 U.S.C. § 1332(c)(1).

9.      There is complete diversity between Plaintiff and Defendant.

10.      According to the Complaint, Plaintiff alleges that its network consists of more than 1,600 physicians and 29,000 employees who provide care at approximately 700 locations, including 15 hospitals and hundreds of outpatient facilities and physician clinics. Compl. ¶ 21.

11.      Plaintiff alleges that individuals infected with COVID-19 have presented at all of its locations as patients, vendors, visitors, employees, or other guests.  *Id*. ¶ 30.

12.      Plaintiff further alleges that it has adopted and implemented preventative and remedial measures in order to combat COVID-19 and the related physical loss and damage, incurring significant extra expense.  *Id*. ¶ 33.  These measures include screening patients,

3

turning over the air in operating rooms, installing air scrubbers and intubation boxes, and setting up respiratory assessment centers and field hospitals, among others. *Id*. ¶ 34.

13. In addition, Plaintiff alleges that it was forced to suspend various elective procedures, leading to the cancellation of thousands of procedures and the inability to use its property for its intended purpose, and it has not been able to resume its full operations. *Id*. ¶¶ 39–40.

14. Prior to the filing of suit, Plaintiff informed Defendant that Plaintiff has experienced a loss in revenue in (1) preventative care, well-care, or in-office check-ups that were cancelled or postponed in compliance with government orders, (2) specialist care visits that were cancelled or postponed in compliance with government orders, (3) cancelled or postponed elective procedures, including diagnostic imaging, and (4) a decrease of 75% to 80% in patients seeking emergent care at urgent care locations or emergency departments. Plaintiff also alleges that it has incurred expenses over and above its normal operating costs related to medical equipment and supplies, staffing and staff support, work-from-home technology, and measures taken to support social distancing at its locations.

15. Plaintiff alleges that, as a result, it experienced direct physical loss or damage to property due to COVID-19 and related orders issued by government authorities and agencies that affect its operations. *Id*. ¶ 40.

16. Plaintiff publicly claims losses of approximately $170,000,000 during March and April of 2020 and further losses of approximately $300,000,000 during May and June

4

of 2020 due to suspension of non-essential surgeries and procedures. John Joyce, *Q&A with Novant Market Leader: Health System Secures Cushion of More Than $1 Billion*, Triad Business Journal (May 20, 2020, 3:39 pm EDT), https://www.bizjournals.com/triad/news/2020/05/18/triad-health-system-secures-a-more-than-1-billion.html, attached as Exhibit E.

17. Plaintiff seeks coverage from Defendant under "All Risks" coverage, including among others "Time Element" loss due to necessary suspension of business activities at its location because of direct physical loss or damage caused by COVID-19, "the reasonable and necessary Extra Expenses incurred" as a result of COVID-19, "Time Element" loss due to suspension of business activities caused by order of civil authority, "Contingent Time Element" loss, "Time Element" loss due to physical obstruction of ingress or egress to its locations, "Gross Earnings" loss due to the actual and imminent physical loss or damage caused by COVID-19, and "the reasonable and necessary cost incurred for the cleanup, removal and disposal of the actual not suspected presence of substances(s) causing the spread of such communicable disease and to restore the locations in a manner so as to satisfy such authorized governmental agency." Compl. ¶¶ 52–87.

18. The insurance policy Defendant issued to Plaintiff contains a $1,500,000,000 limit of liability for "Property Damage (PD) and Time Element (TE) combined at scheduled locations on file with the Company per statement of value dated 12/27/2019." Compl., Ex. A p. 3D. The policy requires deductibles of $50,000 for combined Property Damage and Time Element per Occurrence, $50,000 combined maximum per occurrence

for locations identified as a Medical Office Building or Physician within the Statement of Values, and $50,000 per Location for Contingent Time Element. *Id*. at p. 7D. The policy further provides that "A deductible that applies on a per Location basis will apply separately to each Location where the physical loss or damage occurred regardless of the number of Locations involved in the Occurrence." *Id.* at p. 6D.

19.     Plaintiff further alleges that Defendant acted in bad faith and violated North Carolina's Unfair and Deceptive Trade Practices Act, for which Plaintiff alleges it has the right to treble the amount of judgment rendered in favor of Plaintiff. Compl. ¶¶ 144–153. N.C. Gen. Stat. § 75-16 (1977). *See also Saval v. BL Ltd*., 710 F.2d 1027, 1033 (4th Cir. 1083) (holding that punitive damages, including treble damages, should be considered by a district court when calculating the amount in controversy).

20.     Given the extent of damages alleged and relief sought by Plaintiff, the amount in controversy in this action exceeds $75,000, exclusive of interests and costs.

21.     Forsyth County, where suit was originally filed, is in the United States District Court for the Middle District of North Carolina, and thus, this Court is the appropriate removal Court pursuant to 28 U.S.C. §§ 113(b) and 1441(a).

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

22.     On April 1, 2021, the North Carolina Department of Insurance served a copy of the Complaint on Defendant. *See* Exhibit D. Pursuant to 28 U.S.C. § 1446(b)(3), this removal is timely.

23.     Copies of each process, pleadings and orders served upon Defendant are filed with this notice of removal as required by 28 U.S.C. § 1446(a).

24.     Defendant is filing a copy of this Notice of Removal with the Clerk of the General Court of Justice, Superior Court Division of Forsyth County, North Carolina, as required by 28 U.S.C. § 1446(d).  A copy of the Notice of Removal is also being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant American Guarantee and Liability Insurance Company respectfully removes this action from the General Court of Justice, Superior Court Division of Forsyth County, North Carolina to the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b).

Respectfully submitted,

This the 16th day of April, 2021.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

By: /s/ William A. Bulfer
    William A. Bulfer – N.C. State Bar No. 31424
    117 Cherry Street North
    Asheville, North Carolina 27619
    Telephone: (919) 805-5017
    Facsimile:  (919) 873-1814
    wbulfer@teaguecampbell.com
    *Attorney for Defendant*

    Daniel T. Strong – N.C. State Bar No. 49546
    4700 Falls of Neuse Rd, Suite 450
    Raleigh, North Carolina 27609
    Telephone: (919) 873-0166
    Facsimile:  (919) 873-1814
    dstrong@teaguecampbell.com
    *Attorney for Defendant*

7

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this date, served the foregoing **Notice of Removal** upon all other parties to this cause by depositing a copy hereof, postage paid, in the United States Mail, and by e-mail addressed to the parties or attorneys for said parties as follows:

A. Todd Brown, Sr.
**HUNTON ANDREWS KURTH LLP**
One South at the Plaza, Suite 3500
101 South Tryon Street
Charlotte, NC 28280
tbrown@HuntonAK.com
*Attorney for Plaintiff*

Syed S. Ahmad
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
sahmad@HuntonAk.com
Attorney for Plaintiff

This the 16th day of April, 2021.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

By: /s/ William A. Bulfer
    William A. Bulfer – N.C. State Bar No. 31424
    Daniel T. Strong – N.C. State Bar No. 49546