IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No.: 1:21-cv-00309-CCE-JLW

| | |
|---|---|
| NOVANT HEALTH, INC., | ) |
| Plaintiff, | ) |
| v. | ) **AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY** |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, | ) |
| Defendant. | ) |

Defendant American Guarantee and Liability Insurance Company ("AGLIC"), pursuant to Local Rules 7.2 and 7.3, submits this Response to Plaintiff's Motion for Leave to File a Sur-reply to AGLIC's Motion to Dismiss. [D.E. 34].

### 1. Statement of Facts

On June 7, 2021, AGLIC filed its Motion to Dismiss Novant Health, Inc.'s ("Novant") Amended Complaint and a Memorandum of Law in support of that Motion. [D.E. 21 and 23]. On June 28, 2021, Novant filed an Opposition to the Motion to Dismiss. [D.E. 28]. AGLIC responded by filing its Reply to the Motion to Dismiss on July 19, 2021. [D.E. 32]. Novant now seeks leave from the Court to file a sur-reply to the Motion to Dismiss, in part, to address two cases cited in AGLIC's Reply that were decided after Novant filed its Opposition to the Motion. [D.E. 33 and 34].

1

## 2. **Argument**

While "sur-replies are generally disfavored," AGLIC does not oppose Novant's Motion to the extent it requests leave to file a sur-reply (Section II.C.) to address the cases decided after it filed its Opposition.[1]  *TitleMax of S.C., Inc. v. Fowler*, No. 1:20CV53, 2021 WL 1177441, at *1 (M.D.N.C. Mar. 29, 2021).  AGLIC would, however, like to clarify that the remaining arguments in Novant's Motion and in the proposed Sur-reply are incorrectly identified as "new" arguments.  Therefore, these arguments do not warrant additional responsive pleading and AGLIC would respectfully request the Court disregard Section II.A. of the proposed Sur-reply.

First, Novant states that AGLIC expanded its collateral estoppel arguments to include privity of the parties in this action and in *Henderson Road Restaurant Systems, Inc. d/b/a Hyde Park Grille, et al. v. Zurich Am. Ins. Co.*, No. 1:20-cv-1239, 2021 U.S. Dist. LEXIS 9521 (N.D. Ohio Jan. 19, 2021).  Further, Novant argues that, because AGLIC never used the term "privity" in its prior filings, Novant should be permitted to address the issue of privity in a sur-reply.  The focus on a quoted passage in a cited case referencing privity, however, ignores AGLIC's core argument.  As is evident from the remainder of that paragraph, AGLIC highlighted and argued that this action and *Henderson Road* do not implicate the same underlying contract or transaction.  Further, while Novant's representation that AGLIC's original Motion did not include the word "privity" may be

---

[1] *Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 2 F.4th 1141 (8th Cir. 2021), and (2) *Boscov's Dep't. Store, Inc. v. Am. Guarantee & Liab. Ins. Co.*, No. 5:20-cv-03672-JMG, 2021 WL 2681591 (E.D. Pa. June 30, 2021).

2

accurate, the inclusion of a new term in support of an original argument does not warrant an additional responsive pleading.

Second, Novant misinterprets a citation used in support of AGLIC's argument against Novant's attempt to utilize offensive collateral estoppel. AGLIC presented the argument that "applying offensive collateral estoppel with respect to two actions in federal courts of different states would be unfair and incompatible with federal interests." [D.E. 32 at 2]. AGLIC argued that, because AGLIC and Zurich had won far more cases on the issue in federal courts other than in Ohio where *Henderson Road* was decided, "it is unfair to estop AGLIC from defending its position based on an outlier case." AGLIC's argument did not hinge on the differences between Ohio and North Carolina principles of contract interpretation. Instead, AGLIC's argument was that the issues Novant seeks to preclude are not the same as those involved in *Henderson Road*, and even if they were, the matters decided by *Henderson Road* have not remained static, even in Ohio, as the *same* Ohio court in connection with a Zurich policy with similar language reached a different conclusion.[2] Like its argument regarding the term "privity," Novant should not be permitted to file a sur-reply to address a new citation included in AGLIC's Reply, especially when AGLIC has not made the argument to which Novant seeks to reply.

As the arguments Novant seeks to address are not new, additional briefing is not warranted. Therefore, AGLIC respectfully requests that the Court deny Novant's Motion

---

[2] *See Brunswick Panini's, LLC v. Zurich Am. Ins. Co.*, No. 1:20-CV-1895, 2021 WL 663675 (N.D. Ohio Feb. 19, 2021), *appeal docketed*, No. 21-3222 (4th Cir. March 9, 2021).

for Sur-reply as argued in Section IV.A.1. of Novant's Brief in Support of its Motion for Sur-reply, and disregard Section II.A. of its proposed Sur-reply.

This the 2nd day of August, 2021.

          **TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

          By: /s/ William A. Bulfer
            William A. Bulfer – N.C. State Bar No. 31424
            117 Cherry Street North
            Asheville, North Carolina 27619
            Telephone: (919) 805-5017
            Facsimile: (919) 873-1814
            wbulfer@teaguecampbell.com
            *Attorney for Defendant*

            Daniel T. Strong – N.C. State Bar No. 49546
            4700 Falls of Neuse Rd, Suite 450
            Raleigh, North Carolina 27609
            Telephone: (919) 873-0166
            Facsimile: (919) 873-1814
            dstrong@teaguecampbell.com
            *Attorney for Defendant*

## CERTIFICATE OF WORD COUNT

The undersigned hereby certify that the foregoing brief does not exceed 903 words and therefore complies with Local Rule 7.3(d)(1).

This the 2nd day of August, 2021.

                         **TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

                         By: /s/ William A. Bulfer
                               William A. Bulfer – N.C. State Bar No. 31424

## CERTIFICATE OF SERVICE

I hereby certify that as of the date below I electronically filed the foregoing **American Guarantee and Liability Company's Response to Plaintiff's Motion for Leave to File a Surreply** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all known counsel of record.

This the 2nd day of August, 2021.

                                      **TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

                                      By: /s/ William A. Bulfer
                                              William A. Bulfer – N.C. State Bar No. 31424